UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE RAY HOVARTER,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD,<br><br>Respondent. | Case No. 22-cv-04640-KAW<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING REQUEST FOR APPOINTMENT OF COUNSEL; REFERRING CASE TO FEDERAL PUBLIC DEFENDER; STAYING CASE**<br><br>Re: Dkt. Nos. 4, 5 |

Petitioner, an inmate at San Quentin State Prison, filed a *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has filed a motion seeking the appointment of counsel. Dkt. No. 5. For the reasons set forth below, the Court grants Petitioner's request for appointment of counsel. Petitioner's request to proceed *in forma pauperis* is also granted. *See* Dkt. No. 4.

**DISCUSSION**

According to the petition, Petitioner was originally sentenced to death, but was later resentenced to life without the possibility of parole due to an intellectual disability. Dkt Nos. 1 at 1; No. 3 at 4 ¶ 8.

The state public defender, which represented Petitioner during his trial and subsequent state appeals, filed this request for appointment of counsel on Petitioner's behalf. In a declaration in support of the motion, the public defender states that Petitioner lacks the intellectual ability to understand the complexity of the law, that several of Petitioner's claims address the effects of his intellectual disability, the issues presented in the petition are factually complex and refer to the record on appeal which is over 14,000 pages in length, and Petitioner is indigent and unable to

1 afford counsel. Dkt. No. 3.

2       The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.

      The Court finds that the interests of justice warrant the appointment of counsel because Petitioner is intellectually disabled, the issues are factually complex, and he is unable to afford counsel. The Court therefore exercises its discretion and GRANTS Petitioner's request for appointment of counsel. This matter will be referred to the Federal Public Defender to assist in locating counsel for Petitioner.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.     Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 4.

2.     Petitioner's request for appointment of counsel is GRANTED. Dkt. No. 5. Pursuant to Section XI of General Order No. 2 of the Criminal Justice Act Plan for the United States District Court for the Northern District of California, Petitioner is REFERRED to the Federal Public Defender for location of counsel. Counsel will be able to seek payment for his or her representation of Petitioner as provided in 18 U.S.C. § 3006A(d) and (e) and General Order

No. 2 of the Criminal Justice Act Plan, IV-B.  The Clerk shall provide a copy of this order to the Federal Public Defender's Office in San Francisco.

3. All proceedings in this action are stayed until an attorney is appointed to represent Petitioner.  Once such attorney is appointed, the Court will schedule a case management conference.

4. The Court will defer screening of the petition until after the case management conference so that appointed counsel may have an opportunity to review the petition and determine if s/he plans to file an amended petition or proceed on the initial petition.

5. This order terminates Dkt. Nos. 4, 5.

**IT IS SO ORDERED.**

Dated: November 2, 2022

KANDIS A. WESTMORE
United States Magistrate Judge